**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**ROLLIE L. BAKER,**

      **Plaintiff,**

**vs.**                                                         **Case No. 4:08cv277-RH/WCS**

**JAMES McDONOUGH,**

      **Defendant.**

_____/

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, an inmate proceeding *pro se*, submitted an amended complaint, doc. 9, and Defendant filed a motion to dismiss, doc. 16, on January 7, 2009.  As the motion to dismiss contained and referenced, exhibits, it was deemed to be a summary judgment motion.  Doc. 19.  Defendant was directed to file a separate statement of undisputed facts pursuant to N.D. Fla. Loc. R. 56.1(A), docs. 19 and 21, and Defendant complied on May 5, 2009.  Doc. 22.  Plaintiff has filed his amended response in opposition to the motion for summary judgment.  Doc. 23.

## I.    Allegations of the Amended Complaint, doc. 9

Plaintiff claims a "Constitutional and legal right <u>not</u> to be deprived of his money by illegal or unauthorized means . . . ."  Doc. 9-3, p. 3.  Plaintiff claims that the Department of Corrections has made unauthorized or illegal assessments to his inmate bank account for photocopies.  *Id.*, at 4.  The internal rule created by the Department, Plaintiff contends, is without legislative approval or support and, therefore, illegal.  *Id.*, at 4-5.  Plaintiff alleges that Rule 33-501.302 has "been in existence in some form or another since 1983 and was still being used when the Defendants began to assess cost for photocopies and the succeeding 8 years thereafter."  *Id.*, at 13.  Plaintiff asserts that the statutory authority that had been cited for creation of the challenged Rule was found to lack rulemaking authority by Florida courts.  *Id.,* at 13-14.

Plaintiff also alleges an equal protection claim because some inmates "filed for a refund of the illegal withdrawn money," and some received it but some did not.  *Id.*, at 6.  Plaintiff did not receive a refund.  *Id.,* at 6, 15.  Plaintiff claims the Department's Rule 33-501.302 violates the Separation of Powers and has resulted in a due process violation.  *Id.*, at 7-8.  Plaintiff argues that by creation of Rule 33-501.302 to assess copying costs, the Department crossed into the legislature's province and violated the doctrine of separation of powers.  Doc. 9-3, pp. 21-23.

Plaintiff requests a refund of all money withdrawn from his inmate bank account without legislative authority.  Doc. 9-3, p. 27.  Plaintiff contends that two exhibits reveal that after the May, 2005, state court decision was issued invalidating the practice, the Department withdrew $6.90 in December, 2005, and another $14.10 on January 5, 2006.  *Id.*  Plaintiff also estimates that he should be awarded "about $1,800" if

Defendant refuses to provide documentation of the actual amounts assessed for copying costs. *Id.* Plaintiff also contends he should be refunded court filing fees, awarded costs for research and preparation, and Defendant should have to pay punitive damages. *Id.*

Attached to Plaintiff's amended complaint is an order from the Circuit Court of the Fourteenth Judicial Circuit, in and for Gulf County, Florida, denying a petition for declaratory judgment filed by Plaintiff. Doc. 9-2, p. 13 (Exhibit F). The order notes that Plaintiff filed the petition on July 28, 2006, requesting the court to order the Department of Corrections to return money to his inmate account that he claims it did not have the authority to withdraw, citing *Smith v. Department of Corrections*, 920 So. 2d 638 (Fla. 1st DCA 2005). Although the court noted that service of process had not been carried out and the petition could be "dismissed on that basis alone" the court found the petition "to be without merit." Doc. 9-2, p. 13. There was no need for declaratory relief in light of the <u>Smith</u> decision, and the request for mandamus relief was denied as Plaintiff did not show "a clear legal right to a refund of the money." *Id.*

Plaintiff's exhibit G, also attached to the amended complaint, was Plaintiff's appeal to the First District Court of Appeal. Doc. 9-2, p. 15. The lower court decision was affirmed *per curiam* on May 16, 2008. *Id.*

## II.     Arguments in the Motion for Summary Judgment, doc. 16

Defendant has argued that Plaintiff failed to exhaust administrative remedies, that these claims are barred by *res judicata* and/or collateral estoppel, and also by the *Rooker-Feldman* doctrine. Doc. 16, p. 1. Defendant also raises Eleventh Amendment immunity and qualified immunity as defenses to Plaintiff's claims. *Id.*, at 2.

### III.     Legal standards governing a motion for summary judgment

On a motion for summary judgment, Defendant has the initial burden to show an absence of evidence to support the nonmoving party's case.  Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986).  If accomplished, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial.  *Id.*  An issue of fact is "material" if it could affect the outcome of the case.  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986).  All reasonable inferences must be resolved in the light most favorable to the nonmoving party.  Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule

56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

Local Rule 56.1(A) provides that a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried" The Local Rule also provides that the statement "shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source." The Local Rule provides that the party opposing the motion shall serve a similar statement of material facts as to which the party contends there *is* a genuine issue to be tried, using the same format. Finally, the Local Rule provides that facts set forth in Defendant's statement will be deemed admitted (if supported by record evidence) unless controverted by Plaintiff's statement.

Plaintiff had already filed a response, doc. 18, before the order was entered advising Plaintiff of his obligation under Rule 56, and giving Plaintiff the opportunity to file additional argument or evidence if desired. Doc. 19. Plaintiff then filed a second response on February 27, 2009. Doc. 20. That response essentially argued that because Defendant did not file the statement, it was unnecessary for Plaintiff to reply further. After noting the insufficiency of that document, doc. 21, Plaintiff filed a third amended response on May 18, 2009. Doc. 23.

## IV.     The relevant Rule 56(e) evidence

The Florida First District Court of Appeal issued a decision in the case, <u>Smith v. Florida Department of Corrections</u>, 920 So. 2d 638 (Fla. 1st DCA 2005) which invalidated the Department's practice of collecting fees for legal photocopying services. Doc. 22, p.1.  The decision in <u>Smith</u> became final on January 27, 2006, "invalidating any further collection of fees for legal photocopying services."  *Id.*  Prior to January 27th, Plaintiff had paid fees for legal photocopying services.  *Id.*  Plaintiff was not refunded money paid prior to January 27th for photocopying services.  *Id.*

Plaintiff filed an informal grievance on March, 2006, seeking "a refund of all monies withdrawn from my inmate trust account for photocopying legal material, pursuant to <u>Smith v. State</u>, 30 FLW D1299 (Fla. 1st DCA 2005) where those activities were ruled unlawful and without legislative authority."  Defendant's Ex. A (doc. 16-2).[1] The grievance was denied with the following statement:

> Although the <u>Glenn Smith</u> decision is now final and the rule provisions
> authorizing collection of legal copy costs have been stricken, the rule
> nonetheless was valid until determined otherwise by the court.  Therefore
> any monies collected in payment of the costs of providing this service
> were deemed authorized at least up to the time the <u>Smith</u> decision
> became final and the district court lifted the stay.

Defendant's Ex. A (doc. 16-2).  Plaintiff filed a formal grievance on March 30, 2006, which was denied on April 4th.  Defendant's Ex. B (doc. 16-2).  Plaintiff filed an Appeal with the Secretary on April 16th, and it was also denied in early May, 2006.  *Id.*

---

[1] Hereafter, all references to exhibits are to those attached to document 16, unless otherwise noted.  References are to the paper copy and page number, followed by a reference (in parenthesis) to the corresponding document and page in the electronic docket.  Both citations are referenced as a pro se litigant will not have access to the court's electronic docket.

## V.    Analysis

Plaintiff's response to the motion for summary judgment disputes that the

practice invalidated in Smith could have been invalidated because he argues it was

never valid to begin with, but instead contrary to law.  Doc. 23, p. 4.  Because Plaintiff

contends the practice was never lawful, and never authorized, he contends the

Department should have to return all fees assessed and not just cease the conduct after

the Smith decision became final on January 27, 2006.  *Id.*, at 5-9.  Plaintiff claims that

because the Smith decision was issued on May 23, 2005, the Department should have

stopped the unauthorized assessments on that date.  *Id.*, at 6.  Plaintiff claims that

under two United States Supreme Court cases, the State must refund the money

wrongfully assessed.  *Id.*, at 9.  While Plaintiff argues the merits, he does not address

the arguments that this case is barred by the *Rooker-Feldman* doctrine, that his claims

are barred, or that he failed to exhaust administrative remedies.

### a.    Exhaustion

When the Prison Litigation Reform Act was enacted, Congress mandated that

"[n]o action shall be brought with respect to prison conditions under section 1983 of this

title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a).  The exhaustion requirement of § 1997e(a) is mandatory,

whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159

F.3d 1321, 1324-26 (11th Cir. 1998).  The exhaustion requirement of § 1997e(a) is not

jurisdictional, however.  Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert.*

*denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378,

2392, 165 L.Ed.2d 368 (2006)).  There is no discretion to waive this requirement or

provide continuances of prisoner litigation in the event that a claim has not been

exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534

U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion

requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some

other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an

inmate must "provide with his grievance all relevant information reasonably available to

him" but he cannot be required to name individuals responsible for challenged conduct

when he could not yet identify those persons).  The Court may not consider the

adequacy or futility of administrative remedies, but only the availability of such.

Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159

F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights

case, he must complete the prison administrative process if it could provide some sort

of relief on the complaint although no money could be given administratively.  Booth v.

Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  "Requiring

exhaustion allows prison officials an opportunity to resolve disputes concerning the

exercise of their responsibilities before being haled into court."  Jones v. Bock, 549 U.S.

199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[2].

---

[2] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

A prisoner must also comply with the process set forth and established by the grievance procedures.  *See* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).  In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements).  If a grievance is denied as untimely, a prisoner must appeal the denial of the grievance.  *See* Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d at 1373.  If one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted.  Brown, 212 F.3d at 1206, n.1; Jones, 549 U.S. at 223, 127 S.Ct. at 925 (rejecting a "total exhaustion rule" and requiring dismissal only of those unexhausted "claims," not an entire "action.").

A Defendant bears "the burden of proving that the plaintiff has failed to exhaust his available administrative remedies."  Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007) ("Jones does not spell out the proper burden of proof

to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to Jones have all put the burden of proof on defendants, to the extent that they addressed the issue.").  Even though evidence may be presented to support or refute a contention that a prisoner has not exhausted the grievance process, exhaustion is a "matter in abatement and not generally an adjudication on the merits," thus, it should be raised and treated as a motion to dismiss, not a summary judgment motion.  Bryant, 530 F.3d at 1373-76.

Defendant's argument on the exhaustion issue is flawed.  Defendant "acknowledges that Plaintiff successfully exhausted his claim that the Department lacked statutory authority to collect photocopying fees."  Doc. 16, p. 5.  However, Defendant asserts that Plaintiff has failed to exhaust on his claims regarding the "violations of equal protection, separation of powers, discrimination, and due process of law."  *Id.*  Thus, Defendant's argument is that Plaintiff should have alerted prison officials to all the possible legal basis for challenging the Department's assessment of money for photocopying services under the Smith case, and seeking the refund of all monies withdrawn from his account.

The PLRA only requires a prisoner to exhaust "available administrative remedies."  Turner v. Burnside, 541 F.3d 1077, 1083 (11th Cir. 2008).  It is well established that the basis for the exhaustion is to give prison officials a fair opportunity to address a problem pointed out to them, and to resolve a dispute "before being haled into court."  Jones v. Bock, 549 U.S. at 204-209, 127 S.Ct. at 914.  Plaintiff in this case *did* point out the problem to prison officials - Plaintiff complained about the wrongful taking of monies from his account, he pointed out the Florida District Court of Appeal

case that found the practice unlawful, and Plaintiff sought the return of money.  Plaintiff

alerted to prison officials to a problem and sought correction of that issue before turning

to the judicial forum.  That the issue Plaintiff complained of might form the basis for

several different legal challenges does not alter the manner in which Plaintiff was

required to present his dispute to the Department.  Defendant has not pointed to any

legal principle that requires an inmate to allege the elements of a legal claim or present

all the legal theories of his future judicial case in a grievance.  The Department simply

requires an inmate to file a written complaint "concerning an incident, procedure, or

condition within an institution . . . ."  FLA. ADMIN. CODE R. 33-103.002(7).  Plaintiff did so,

and because he presented his issue through each step of the grievance process, he did

all that was required.  The purposes of the exhaustion requirement were fulfilled, and

the motion should be denied on this ground.

### b. *Res judicata* or collateral estoppel

Defendant argues that Plaintiff is attempting in this federal suit to re-litigate the

same claims he lost in state court.  Doc. 16, p. 6.  The doctrine of *res judicata*

forecloses relitigation of matters actually or potentially litigated in an earlier lawsuit.

Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991).  In order for

*res judicata* to operate as a bar to a subsequent suit "(1) there must be a final judgment

on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3)

the parties, or those in privity with them, must be identical in both suits; and (4) the

same cause of action must be involved in both cases."  I. A. Durbin, Inc. v. Jefferson

National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).  *Res judicata* applies to foreclose

relitigation of matters "that were litigated or could have been litigated in an earlier suit."

*Id.* "The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. . . .  In determining whether the causes of action are the same, the court must compare the substance of the actions, not their form." *Id.*  Additionally, "[c]laims are part of the same cause of action when they arise out of the same transaction or series of transactions." In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990), *see* Restatement (Second) Judgments * 24 (1982).

> Collateral estoppel precludes a party from litigating an issue in a subsequent action if that issue was fully litigated in a previous action. *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir.1998); *Palciauskas v. United States*, 939 F.2d 963, 966 (11th Cir.1991).  In order for the doctrine to apply, the following criteria must be satisfied:  (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; (3) the issue was actually litigated in the prior proceeding; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.  *Pleming*, 142 F.3d at 1359.

Dailide v. United States Attorney General, 387 F.3d 1335, 1342 (11th Cir. 2004).

Plaintiff's amended complaint, doc. 9, and the exhibits submitted with the summary judgment motion, demonstrate that Plaintiff presented the issue of the photocopying assessment and his desire to have his money refunded to his inmate bank account in the petition he filed with the state circuit court.  Doc. 16, Ex. G (doc. 16-4).  Plaintiff argued that the Department lacked statutory authority to adopt or enforce a rule assessing money from inmate trust accounts, and claimed that such actions exceeded "the authority given" by the Legislature.  Doc. 16, Ex. G (doc. 16-4, p. 6.).  Plaintiff requested that the money previously assessed be returned and that the

Department "not be allowed to keep the [ill]-gotten gain."  Doc. 16, Ex. G (doc. 16-4, p. 11).  The circuit court found that Plaintiff's petition lacked merit and it was denied on the merits, despite commenting briefly that service of process had not been carried out.  Doc. 16, Ex. G (doc. 16-4, p. ).  Doc. 16, Ex. G (doc. 16-4, p. 22); *see also* doc. 9-2.  The court concluded that Plaintiff had "no present need" for a declaratory judgment because *Smith v. Department of Corrections*, 920 So.2d 638 (Fla. 1st DCA 2005),[3] had already been decided.  Doc. 16, Ex. G (doc. 16-4, p. 22).  Plaintiff appealed the denial of his petition to the First District Court of Appeal.  Doc. 9-2, p. 15.  The lower court decision was *per curiam* affirmed on May 16, 2008.  *Id.*  Plaintiff then initiated this case on June 19, 2008.  Doc. 1.

Plaintiff is the same party who filed the petition in state court, and Defendant, sued here in his official capacity, is effectively the same Defendant.  Plaintiff received a judgment on the merits, which he then appealed to the court of appeals.  The underlying factual predicate for any claims that he wanted to raise is the same.  Plaintiff argued in both state court and this Court that the Department of Corrections assessed money without statutory authority and he sought return of his money.  Plaintiff could have raised any federal claim he wished that was implicated by the facts, that is, that his money was withheld in violation of federal law, but he did not.  Plaintiff did not have to bring suit in state court, but he did.  This federal suit is barred by *res judicata*, with

---

[3] In Smith, the Court of Appeals held that the "provisions of Rule 33-501.302 establishing the amount to be charged prison inmates for photographic copying services and authorizing deductions from and liens imposed upon inmate trust accounts to cover incurred costs for photographic copying services are not supported by specific legislative authority."  Smith, 920 So.2d at 643.

respect to state law claims previously raised, and collateral estoppel, as to the federal

law claims.

If the court adopts this recommendation, it need not address any of the other

defenses raised in Defendant's motion for summary judgment.

Accordingly, it is **RECOMMENDED** that the Defendant's motion for summary

judgment, doc. 16, be **GRANTED** and judgment be entered in favor of the Defendant.

**IN CHAMBERS** at Tallahassee, Florida, on June 12, 2009.


s/     **William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and
recommendations within 15 days after being served with a copy of this report and
recommendation.  A party may respond to another party's objections within 10
days after being served with a copy thereof.  Failure to file specific objections
limits the scope of review of proposed factual findings and recommendations.**